**Karon HILL, Plaintiff,**

v.

**MOREHOUSE MEDICAL ASSOCIATES, INC., Defendant.**

**No. Civ.A.1:00–CV1858GET.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 17, 2006.

Gregory Mark Simpson, Simpson Law Firm, LLC, Jonesboro, GA, Mike Bothwell, Bothwell & Simpson, Roswell, GA, for Plaintiff.

Christy D. Durden, Rebekah N. Plowman, Kristen Pollock McDonald, Epstein Becker & Green, Atlanta, GA, for Defendant.

---

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on:

(1) plaintiff-relator's motion for sanctions [docket no.107];

(2) defendant's motion for leave to file brief in support of its motion for summary judgment that exceeds page limits [docket no. 149];

(3) plaintiff-relator's motion for leave to file brief in support of her motion for summary judgment that exceeds the page limits [docket no. 158];

(4) defendant's motion for leave to file brief in support of its motion to exclude plaintiff-relator's technical experts that exceeds the page limits [docket no. 160];

(5) defendant's motion for leave to file brief in opposition to plaintiff-relator's motion for summary judgment that exceeds page limits [docket no. 162];

(6) defendant's motion for leave to file a reply brief in support of defendant's motion for summary judgment that exceeds page limits [docket no. 168];

(7) plaintiff-relator's motion for leave to file reply brief in support of her motion for summary judgment that exceeds page limits [docket no. 170];

(8) defendant's motion for leave to file a reply brief in support of its motion to exclude plaintiff-relator's technical experts that exceeds page limits [docket no. 172];

(9) defendant's motion to produce medical records relied upon by Navigant Consulting in preparing its Addendum to the Expert Report dated September 28, 2005 [docket no. 189];

(10) plaintiff-relator's motion for leave to file sur-reply in support of her motion for summary judgment [docket no. 191];

(11) plaintiff-relator's motion for court-ordered mediation [docket no. 197];

(12) defendant's motion for leave to file brief in support of its motion to dismiss that exceeds page limits [docket no. 200];

(13) plaintiff's motion to strike defendant's letter communication with court [docket no. 201];

(14) plaintiff-relator's motion for discovery [docket no. 203];

### Background

On July 21, 2000, plaintiff-relator, a former employee of defendant's billing department, filed the instant action under seal asserting violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, alleging that defendant submitted false claims for payment to the United States Government Medicare Program. On April 24, 2001, the United States filed its "Notice of Election to Decline Intervention." On April 30, 2001, the court ordered plaintiff-relator's complaint unsealed and directed plaintiff to serve defendant with her complaint. Defendant filed its Waiver of Service of Summons on August 10, 2001.

On November 5, 2001, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b), which the court denied without prejudice on February 25, 2002. On March 26, 2002, plaintiff-relator filed an amended complaint. On April 11, 2002, defendant filed a motion to dismiss plaintiff-relator's amended complaint, which the court granted on July 12, 2002. On August 15, 2003, the Eleventh Circuit Court of Appeals, finding that plaintiff-relator's amended complaint satisfied Rule 9(b)'s pleading requirements, vacated the court's order and remanded for further proceedings. On December 15, 2003, defendant filed its answer to plaintiff-relator's amended complaint and asserted a counterclaim for attorney's fees against plaintiff-relator on the ground that the claims asserted are "frivolous, vexatious, and/or harassing."

On July 30, 2004, following a hearing on plaintiff-relator's motion to compel, the court issued an order setting forth "sampling procedures" to be used by defendant in producing responses to plaintiff-relator's discovery requests (hereinafter "the Sampling Order"). Specifically, for each of the identified category of claims, a randomly selected sample would be chosen from the master list of each category of claims submitted to Medicare. The order provided that "MMA will produce

claim forms, encounter forms, supporting documentation, and documentation from Medicare, including documents relating to the rejection or review of claims, for each of the claims selected as described ... no later than August 18, 2004." The order also provided that "[n]either party may use in this litigation any claims documents that have been requested or are in their possession, but have not been produced during the sampling process."

Defendant, however, did not timely produce all of the documents required by the Sampling Order. On October 29, 2004, following a status conference to address the reasons for the delay, the court issued an order directing defendant to produce all of the documents required by the Sampling Order "as soon as possible, but in any event no later than December 17, 2004." Defendant was directed to increase the number of people working on the production of documents to ensure production by the December 17, 2004 deadline. The court required defendant to provide the court and plaintiff with weekly status reports detailing defendant's efforts at production until such production was complete. Finally, the court advised defendant that the failure to comply with the required production "shall subject defendant to severe sanctions."

On December 17, 2004, defendant filed its "seventh and final status report regarding document production." Defendant reported that it had "produced to Relator all medical records in its possession, custody or control that MMA was able to locate." At the time, defendant still had not produced certain medical records in the possession of Grady Health System. These were records associated with claims for medical services provided by an MMA physician at a Grady facility. Also on December 17, 2004, defendant filed a motion to compel Grady to comply with the subpoena for production of documents defendant had served on Grady on November 23, 2004.

On December 23, 2004, plaintiff-relator filed a motion for sanctions due to defendant's failure to fully comply with the court's Sampling Order. On January 5, 2005, the court held a discovery hearing regarding document production by Grady. The court directed defendant to randomly produce 1,000 patient names for the relevant time period to Grady for a patient records search. Grady then had thirty days to produce the patient records, with defendant to match their patient records to those produced by Grady. This direction was in response to Grady's assertion that it was unable to locate many of the previously identified records. Defendant was directed to pay for the cost of Grady's production. The written order was entered on January 24, 2005.

On February 4, 2005, defendant filed its eighth status report advising that it had learned of an additional field of information in its billing system. Defendant advised the court that this additional information was then produced to plaintiff-relator. No further status reports were filed by defendant.

On June 15, 2005, the court issued an order granting the parties' joint motion to extend discovery until September 16, 2005. On September 1, 2005, the court issued an order granting the parties' joint motion for an extension of discovery until October 14, 2005. The September 1, 2005 order advised the parties that there would be no further discovery extensions.

On November 3, 2005, the parties filed their motions for summary judgment. Since filing these motions, both parties have filed numerous additional motions. The court will address some of the pending motions in this order. All other remaining motions will be addressed at a later time. On December 15, 2005, defendant filed a notice of substitution of counsel.

### *Discussion*

#### *Motions to exceed page limits*

Both parties filed numerous motions to exceed the page limits. Having read and considered the motions, the court hereby GRANTS defendant's motions for leave to file briefs in excess of the page limits [docket nos. 149, 160, 162, 168, 172, 200] and plaintiff-relator's motions for leave to file briefs in excess of the page limits [docket nos. 158, 170].

### Plaintiff-relator's motion for leave

On April 17, 2006, plaintiff-relator filed a motion for leave to file a sur-reply in support of her motion for summary judgment. Defendant objects to plaintiff-relator's motion as improper and asserts that the sur-reply contains "numerous misrepresentations of the record." Having considered plaintiff-relator's motion and defendant's objections thereto, the court hereby GRANTS plaintiff-relator's motion for leave to file a sur-reply in support of her motion for summary judgment [docket no. 191].

### Plaintiff-relator's motion to strike letter communication

On June 2, 2006, counsel for defendant sent a letter to the court requesting a status conference on several motions pending before the court in this matter. The letter estimated that such a conference would take at least three hours. On June 5, 2006, plaintiff-relator filed a motion to strike this letter communication to the court pursuant to LR 7.4, NDGa.

Although the letter in question appears to violate the local rules requiring that communications to judges seeking a ruling or order be by motion and not by letter, the letter presents no prejudice to plaintiff-relator. Therefore, plaintiff-relator's motion to strike defendant's letter communication [docket no. 201] is DENIED. Defendant's request for a status conference also is DENIED at this time.

### Plaintiff-relator's motion for court-ordered mediation

On June 1, 2006, plaintiff-relator filed a motion for court-ordered mediation. Defendant filed a response to plaintiff-relator's motion "clarifying that MMA does not object to mediation in this case, but rather merely objects to the timing of Relator's Motion for Court–Ordered Mediation as premature at this juncture."

According to defendant, "there remains one critical, outstanding issue to address before this case could potentially be resolved … [t]hat issue is what position the Office of Inspector General ('OIG') will take in this matter." Defendant states that it "contacted the OIG's counsel on June 1, 2006 and was

informed, again understandably, that the OIG needed time to review this matter before it could take a position."

The roadblocks described by defendant would not prevent a successful and productive mediation process for participants who are interested in reaching agreement and resolution. The reasons for defendant's resistance to mediation, however, are so vague as to make it difficult for the court to discern whether the reasons have any foundation. Defendant does not cite any legal authority to support the conclusion that knowledge of the OIG's position is necessary for a productive mediation. Indeed, defendant informs the court "[t]he OIG's counsel also reminded MMA's counsel that the Office of Counsel to the Inspector General ('OCIG') rarely participates in mediation, especially in instances in which the government has declined to intervene, such as in this case." Likewise, defendant provides no information as to the identity of its contact with the OCIG nor does it provide any estimate from the OCIG as to when a position of the OIG would be forthcoming.

While the court is unconvinced that mediation is "premature," the court is convinced that defendant's present attitude toward mediation and settlement would make mediation an exercise in futility. Therefore, plaintiff-relator's motion for court-ordered mediation [docket no. 197] is DENIED at this time.

### Defendant's motion to produce medical records

■ Defendant moves for leave to produce to plaintiff-relator additional medical records it contends support its claim for consultation services. According to defendant, these records were not part of the original sample production due to a "material flaw" in the production process because the sample was "limited to the date of service." According to defendant, such a limitation would prevent proper documentation of a consultation claim which requires consideration of records from multiple dates of service, including records showing the request for the consultation, records of the consultation itself, and records of the consultation report.

According to defendant, it realized this flaw after receipt and review of its Expert's Report and determined that medical records from an earlier date of service would be necessary to document that consultation services had been requested. Defendant then "engaged in the arduous process of attempting to locate relevant medical records" and obtained some, but not all, of the records which it contends support a consultation request. Defendant then provided these records to its experts for review. Upon review, the experts apparently concluded that the error rate associated with the consultation coding previously reported in the Expert Report was no longer accurate.

Defendant, citing a duty to supplement its expert report with the underlying documents, filed this motion for leave to produce. Defendant apparently did not inform plaintiff-relator of the discovered "flaw" in production or of its search for additional medical records prior to filing the motion for leave. Likewise, defendant did not inform the court of its activities through an updated status report or any other means prior to the filing of this motion.

The Sampling Order specifically provided that defendant "will produce claim forms, encounter forms, *supporting documentation,* ... for each of the claims...." While defendant appears to be under the impression that this order limited production to a single date of service, there is no such limitation contained in the Sampling Order. Defendant appears to be relying on language contained in this court's order on defendant's motion to compel the production of documents from Grady which required *Grady* to produce all medical records for the "relevant date of service" for 1000 new claims randomly selected because Grady was unable to locate many of the medical records associated with the earlier sampling selections.

Having considered defendant's arguments supporting its contention that a court order is necessary for production, the court finds that defendant reads the earlier discovery orders too narrowly. The court recalls that the sampling process was proposed as a compromise due to defendant's reluctance to produce the records originally requested by plaintiff-relator. The Sampling Order specifically states that neither party may use any claims documents that have been requested or are in their possession but have not been produced during the sampling process. Furthermore, the court finds that any medical record required to prove that a consultation had been requested qualifies as "supporting documentation" as that term is used in the sampling order. Therefore, the sampling order required defendant to produce the medical records at issue if it intended to rely upon them. Even if the Sampling Order did not *require* such production, there is no language in any of the discovery orders that could reasonably be interpreted to *prohibit* defendant from producing such documents to plaintiff-relator.

Therefore, the court finds that the documents defendant seeks leave to produce are documents contemplated by this court's earlier discovery orders, including the Sampling Order, and additional permission from the court for their production is not necessary. To the extent such leave may be found to be necessary, however, the court hereby GRANTS defendant's motion for leave to produce the medical records [docket no. 189]. Defendant is DIRECTED to produce said records to plaintiff-relator within FIVE (5) DAYS from the date of this order.

Finally, the extended discovery period expired on October 14, 2005. Given the numerous delays in production by defendant and this court's order requiring status reports, defendant was under a duty to inform the court and plaintiff-relator via an additional status report at the earliest opportunity of the possibility that more records would be necessary and forthcoming. Defendant did not file its motion for leave to produce until March 28, 2006. Due to defendant's complete failure to produce or even identify by category these additional medical records prior to the close of discovery, defendant is deprived of the use of such documents pursuant to the terms of the Sampling Order.

### Motion for discovery

Plaintiff-relator moves to re-open discovery "to investigate MMA's document production" in light of the medical records at issue in defendant's motion for leave to produce.

Having read and considered plaintiff-relator's motion for discovery, the court hereby GRANTS plaintiff-relator's motion to reopen discovery [docket no. 203] for the limited purpose of allowing plaintiff-relator to conduct a reasonable investigation into the circumstances surrounding the identification and production of the additional medical records to defendant's experts, including but not limited to whether additional records were discovered but not produced related to the consultation date of service at issue, as well as to take the deposition of defendant's experts with regard to the their review of the additional documents and the formulation of the Addendum. Defendant is DIRECTED to pay plaintiff's reasonable attorney's fees and costs associated with said discovery. To the extent plaintiff-relator seeks to re-open discovery for unlimited purposes, however, plaintiff-relator's motion for discovery [docket no. 203] is DENIED.

### Motion for sanctions

■ On October 29, 2004, following a status conference to discuss defendant's continued failure to completely comply with the court's Sampling Order, the court issued an order, *inter alia,* advising defendant that the failure to complete the required production by December 17, 2004 "shall subject MMA to severe sanctions." Despite this warning, defendant failed to complete production by the deadline. Therefore, plaintiff-relator filed a motion for sanctions on December 23, 2004. On June 6, 2006, plaintiff-relator filed a supplement to her original motion for sanctions requesting additional sanctions for defendant's bad faith failure to comply with the court's orders as evidenced by defendant's March 28, 2006 motion for leave to produce medical records.

Federal Rule of Civil Procedure 37(b)(2) provides:

"If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleading or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination; ...."

Fed.R.Civ.P. 37(b)(2).

Despite being warned that failure to timely comply with the court's discovery orders would subject defendant to severe sanctions, defendant continuously failed to meet discovery deadlines. Furthermore, defendant finally came forward, more than five months after the close of discovery, to inform the court that there are yet more medical records that defendant needs to produce. While the court recognizes that there was a change in counsel for defendant late in the history of this case, new counsel is charged with familiarizing themselves with the history of the case. Any lack of knowledge or understanding of this court's prior orders on their part does not excuse defendant's conduct.

Having considered plaintiff-relator's motion for sanctions and the supplement thereto, and in light of the failure of lesser sanctions including the requirement for status reports, to secure defendant's compliance with this court's discovery orders, the court finds that additional sanctions are warranted. Therefore, plaintiff-relator's motion for sanctions [docket no. 107] is GRANTED. The court hereby imposes the following sanctions:

(1) defendant is prohibited from using any improperly withheld and untimely disclosed evidence, including but not limited to any of the medical records at issue in defendant's motion for leave to produce;

(2) defendant is prohibited from using the Addendum to defendant's Expert Report;

(3) defendant is DIRECTED to immediately produce to plaintiff-relator any documents and information submitted to or considered by defendant's experts in producing their expert reports;

(4) defendant is DIRECTED to secure from its experts an affirmation that everything the experts considered has been identified and produced to plaintiff-relator;

(5) defendant is DIRECTED to pay the reasonable attorney's fees incurred by plaintiff-relator in filing her motion for sanctions [docket no. 107] and her supplement to the motion for sanctions [docket no. 202];

(6) the court hereby STRIKES defendant's answer to plaintiff-relator's amended complaint and GRANTS default judgment in favor of plaintiff-relator with regard to the consultation claims.

These sanctions are not exclusive and may be subject to further consideration.

### Summary

(1) Plaintiff-relator's motion for sanctions [docket no.107] is **GRANTED**. The court hereby imposes the following sanctions:

(a) defendant is prohibited from using any improperly withheld and untimely disclosed evidence, including but not limited to any of the medical records at issue in defendant's motion for leave to produce;

(b) defendant is prohibited from using the Addendum to defendant's Expert Report;

(c) defendant is **DIRECTED** to immediately produce to plaintiff-relator any documents and information submitted to or considered by defendant's experts in producing their expert reports;

(d) defendant is **DIRECTED** to secure from its experts an affirmation that everything the experts considered has been identified and produced to plaintiff-relator;

(e) defendant is **DIRECTED** to pay the reasonable attorney's fees incurred by plaintiff-relator in filing her motion for sanctions [docket no. 107] and her supplement to the motion for sanctions [docket no. 202];

(f) the court hereby **STRIKES** defendant's answer to plaintiff-relator's amended complaint and **GRANTS** default judgment in favor of plaintiff-relator with regard to the consultation claims.

These sanctions are not exclusive and may be subject to further consideration.

(2) Defendant's motion for leave to file brief in support of its motion for summary judgment that exceeds page limits [docket no. 149] is **GRANTED**;

(3) Plaintiff-relator's motion for leave to file brief in support of her motion for summary judgment that exceeds the page limits [docket no. 158] is **GRANTED**;

(4) Defendant's motion for leave to file brief in support of its motion to exclude plaintiff-relator's technical experts that exceeds the page limits [docket no. 160] is **GRANTED**;

(5) Defendant's motion for leave to file brief in opposition to plaintiff-relator's motion for summary judgment that exceeds page limits [docket no. 162] is **GRANTED**;

(6) Defendant's motion for leave to file a reply brief in support of defendant's motion for summary judgment that exceeds page limits [docket no. 168] is **GRANTED**;

(7) Plaintiff-relator's motion for leave to file reply brief in support of her motion for summary judgment that exceeds page limits [docket no. 170] is **GRANTED**;

(8) Defendant's motion for leave to file a reply brief in support of its motion to exclude plaintiff-relator's technical experts that exceeds page limits [docket no. 172] is **GRANTED**;

(9) Defendant's motion to produce medical records relied upon by Navigant Consulting in preparing its Addendum to the Expert Report dated September 28, 2005 [docket no. 189] is **GRANTED** to the extent such leave may be found to be necessary. Defendant is **DIRECTED** to produce said records to plaintiff-relator within **FIVE (5) DAYS** from the date of this order.

(10) Plaintiff-relator's motion for leave to file sur-reply in support of her motion for summary judgment [docket no. 191] is **GRANTED**;

(11) Plaintiff-relator's motion for court-ordered mediation [docket no. 197] is **DENIED** at this time;

(12) Defendant's motion for leave to file brief in support of its motion to dismiss that exceeds page limits [docket no. 200] is **GRANTED**;

(13) Plaintiff's motion to strike defendant's letter communication with court [docket no. 201] is **DENIED**. Defendant's request for a status conference is **DENIED** at this time;

(14) Plaintiff-relator's motion for discovery [docket no. 203] is **GRANTED** for the limited purpose of allowing plaintiff-relator to conduct a reasonable investigation into the circumstances surrounding the identification and production of the additional medical records to defendant's experts, including but not limited to whether additional records were discovered but not produced related to the consultation date of service at issue, as well as the deposition of defendant's experts with regard to their review of the additional documents and the formulation of the addendum. Defendant is **DIRECTED** to pay plaintiff-relators' reasonable attorney's fees and costs associated with said discovery. To the extent plaintiff seeks to re-open discovery for unlimited purposes, however, plaintiff-relator's motion for discovery is **DENIED**.

**SO ORDERED.**